IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TY HALEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FRANKLIN COUNTY, GEORGIA,<br><br>　　　　Defendant. | Civil Action File No.<br><br>Jury Trial Demand |

## COMPLAINT

**COMES NOW** Plaintiff, Ty Haley (Plaintiff"), by and through counsel undersigned, and hereby submits this Complaint against Defendant, Franklin County, Georgia ("Defendant" or the "County"), and shows the Court, as follows:

### Authority

**1.**

This cause of action arises under the provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), seeking a remedy for disability-based discrimination in employment and retaliation.

**2.**

Plaintiff also brings this action under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, to redress injury done to him by the Defendant's discriminatory

treatment on the basis of his disability in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq*. In 1978, Congress amended the Rehabilitation Act of 1973 to provide that the "remedies, procedures and rights" under Title VI of the Civil Rights Act of 1964 should apply to cases brought under Section 504 of the Rehabilitation Act, 29 U.S.C. §794a(a)(2).

**3.**

All jurisdictional prerequisites to the institution of Plaintiff's suit have been fulfilled. Plaintiff filed his initial Charge of Discrimination within 180 days of the discriminatory acts; Plaintiff was issued a Notice of Right to Sue from the EEOC; and, Plaintiff now files his Complaint within 90 days of receipt of the Notice. Plaintiff's Charge of Discrimination is attached hereto as **Exhibit A.**

## Parties, Jurisdiction and Venue

**4.**

Plaintiff is a resident of the Middle District of Georgia.

**5.**

Defendant, Franklin County, is a governmental entity and subdivision of the State of Georgia, and, is legally responsible for the Franklin County 911 Center, a department operating within, and on behalf of, Franklin County, Georgia. Defendant's principal office address is 141 Athens Street, Carnesville, Georgia

30521. Defendant may be served via its County Manager, Derrick Turner, at the same address.

**6.**

Jurisdiction and venue are proper in this Court.

## Factual Allegations

**7.**

As a result of chronic neck and back pain, Plaintiff became addicted to Oxycodone. In 2019, Plaintiff's doctor prescribed Methadone for him, which allowed Plaintiff to discontinue the use of Oxycodone.

**8.**

This worked very well for Plaintiff, and allowed him live a productive life. At this time, Plaintiff continues to take Methadone, which is prescribed and monitored by his doctor.

**9.**

Plaintiff was hired and began working as a 911 Dispatcher for Franklin County 911/Central Communications ("911"), on January 14, 2022.

**10.**

On February 7, 2022, Plaintiff was required to undergo a physical examination, and a Urinalysis. Pryor to these tests, Plaintiff advised his Director,

Ryan Parks ("Parks"), of the fact that he was taking Methadone prescribed by his doctor. Plaintiff then proceeded with the physical examination and the Urinalysis.

**11.**

Shortly thereafter, Plaintiff gave Parks a letter written on behalf of Plaintiff's physician, Carl W. Smith, M.D., regarding Plaintiff's therapeutic use of Methadone.

**12.**

Plaintiff's scheduled days off from work were February 14th and 15th. He received the Urinalysis results on February 14, 2022, which indicated that there were no other drugs in his system, except the Methadone.

**13.**

On February 15, 2022, Parks called Plaintiff and told him that he could not return to work until 911 received the results of Plaintiff's Urinalysis.

**14.**

While off work, Plaintiff exchanged texts and emails with 911's Human Resources representative, Tracey Cleghorn ("Cleghorn"), who stated that Plaintiff had read and signed off on all of 911's policies, including the policy regarding drug use, prior to Plaintiff being hired.

**15.**

Plaintiff tried to explain to Cleghorn that he was taking a medication prescribed by a physician. Nevertheless, Cleghorn stated that Methadone was not an allowable substance, per 911's policy.

**16.**

Thereafter, on February 17, 2022, Cleghorn sent Plaintiff an email advising him that he was terminated, effective immediately.

## COUNT I
### ( ADA - Disability-Based Discrimination and Retaliation)

**17.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**18.**

At all times relevant, Plaintiff was and is a qualified individual with a disability as defined in 42 U.S.C. § 12111(8), to wit: previous addiction to Opioids, in check for over three years, pursuant to Plaintiff's therapeutic use of Methadone, which is prescribed and supervised by a licensed health care professional.

**19.**

Plaintiff's condition constitutes a physical impairment that substantially limits one or more of Plaintiff's major life activities, or is a perceived disability, within the meaning of the ADA.

**20.**

As a direct result of Defendant's disability-based discrimination and subsequent retaliation, Plaintiff lost earnings and continues to lose earnings, lost his substantial benefits, and incurred and continues to incur litigation costs and attorney's fees.

**21.**

The Defendant willfully, or with reckless indifference, violated the ADA by terminating Plaintiff for his therapeutic use of Methadone prescribed by his physician to treat his serious health condition.

## COUNT II
### (Rehabilitation Act)

**22.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**23.**

Plaintiff alleges that Defendant's unlawful and discriminatory decision to terminate him because of his disability, or his perceived disability, violates the provisions of the Rehabilitation Act, 29 U.S. C. §§701, *et seq.,* justifying an award, *inter alia*, of back pay, front pay, interest, benefits, compensatory damages and punitive damages.

**24.**

A *prima facie* case has been established in that the Plaintiff is a qualified handicapped person who met the eligibility requirements for the position, but was terminated. The reason articulated by the Defendant for terminating Plaintiff's employment was because of Plaintiff's use of Methadone, which, in fact, was therapeutic and prescribed and supervised by a licensed health care professional.

**25.**

Plaintiff's work history, medical history and the recent medical examination performed by Defendant's own physician recommended only that Plaintiff's personal physician, who prescribed Methadone for Plaintiff, provide a release stating that Plaintiff's therapeutic use of Methadone would not interfere with his job duties. Plaintiff provided Defendant with a letter written on behalf of

Plaintiff's physician, Carl W. Smith, M.D., regarding Plaintiff's therapeutic use of Methadone.

**26.**

Defendant terminated Plaintiff on the basis of his disability, or his perceived disability, in violation of Section 504 of the Rehabilitation Act of 1973, and its implementing regulations, 45 C.F.R. § 84.11 (a)(1), (b)(2).

**27.**

Plaintiff was able to perform the essential functions of a Franklin County 911 Dispatcher.

**28.**

The above-mentioned actions were retaliatory, willful, wanton, intentional, malicious and oppressive, and punitive damages, in an amount to be determined by the enlightened conscience of a jury, should be awarded to Plaintiff to deter the Defendant from repeating such conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)   Take jurisdiction of this matter;

(b)   That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the ADA, or the Rehabilitation Act;

(c)     That Defendant be ordered to formulate, distribute and implement a written policy which does not discriminate in any manner which is a violation of the ADA, or the Rehabilitation Act;

(d)     That Defendant be ordered to rehire Plaintiff into his former position or a position substantially similar to that held prior to his demotion, with full salary, seniority, and benefits running from the date of termination;

(e)     That Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits he would have received had it not been for Defendant's illegal actions, including but not limited to pay, unpaid overtime, insurance benefits, costs, bonuses, raises, training, promotions, and seniority. Plaintiff should be accorded these illegally withheld benefits from the date Plaintiff was terminated until the date Defendant tenders substantially equivalent employment, with interest, on the above withheld amounts to the date of payment;

(f)     That Plaintiff be awarded compensatory and punitive damages to compensate for the humiliation, pain, suffering and stigma associated with discrimination;

(g)     That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees.

(h) That Plaintiff recover compensatory damages in an amount determined by the jury;

(i) That Plaintiff recover prejudgment interest;

(j) That a declaratory judgment be issued that the practices complained of are unlawful and void;

(k) That the Court grant Plaintiff a trial by jury as to all matters properly triable to a jury; and

(l) For such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff herein demands a trial by jury of all issues in this action.

Dated this 21st day of September 2022.

                                      **PANKEY & HORLOCK, LLC**

                                      By:  /s/ *Larry A. Pankey*
                                           Larry A. Pankey
                                           Georgia Bar No. 560725
                                           ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TY HALEY, | : |
| Plaintiff, | : Civil Action File No. |
| v. | : |
| FRANKLIN COUNTY, GEORGIA, | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **Complaint** with the Clerk of Court using the CM/ECF system.

Dated this 21st day of September 2022.

                                                    PANKEY & HORLOCK, LLC

                                                  By: /s/ *Larry A. Pankey*
                                                          Larry A. Pankey
                                                          Georgia Bar No. 560725
                                                          ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:  770-670-6249
LPankey@PankeyHorlock.com